IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,940-01






EX PARTE ERNESTO TIRADO FLORES, JR., 


AKA ERNESTO FLORES TIRADO, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-3072-04-C(1) IN THE 139TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because she failed to
investigate his case and advise him of the deportation consequences of a guilty plea. The trial court
made findings of fact and conclusions of law and recommended that we grant relief. We believe that
the record is not adequate to resolve Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order trial counsel to respond a second time to Applicant's claims. The trial court may also use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court holds a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall state whether the basis of its recommendation is counsel's failure to
investigate Applicant's case, counsel's advice regarding deportation, or both. The trial court shall
determine the credibility of Applicant's father's affidavit and counsel's testimony at the evidentiary
hearing. Finally, the trial court shall determine whether counsel was deficient for not investigating
Applicant's case and whether Applicant has established that he would have pleaded not guilty and
insisted on a trial but for counsel's conduct. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 12, 2014

Do not publish